UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGIEANNIA K. CLARKE,

        **Plaintiff,**

v.                                         Case No:  6:17-cv-616-Orl-40GJK

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

Angieannia K. Clarke (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability Insurance benefits. Doc. No. 1. Claimant alleges a disability onset date of August 1, 2010. R. 312. Claimant argues that the Administrative Law Judge (the "ALJ") erred in assessing Claimant's credibility and failing to state the weight given several medical opinions. Doc. No. 24 at 16-23, 35-37.  It is recommended that the ALJ's final decision be **REVERSED** and these proceedings **REMANDED**.

    **I.**    <u>**STANDARD OF REVIEW**</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the

Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS

The two issues Claimant raises in this appeal are that the ALJ erred in assessing Claimant's credibility and in failing to state the weight given several medical opinions. Doc. No. 24 at 16-23, 35-37.

### A. ALJ's Credibility Determination

Claimant contends that the ALJ "fail[ed] to adequately assess the claimant's credibility when she suffered from pain caused from frequent migraine headaches." Doc. No. 24 at 16-17. Claimant argues that the ALJ did not make a particular finding regarding her credibility in relation to her headaches. *Id.* at 19. The ALJ stated the following regarding Claimant's credibility:

> In terms of her headaches, the claimant has essentially alleged that she is incapable of doing anything because of this issue. When asked at hearing about her daily activities, she indicated that she would get her kids ready for school, with help, she would sometimes take them to school and then more or less she would spend the rest of her day at home resting. What she failed to mention at hearing however, was that she would also go to the gym 3 days a week, she volunteered at her children's school and she

> attended church once a week. The medical evidence does not support the frequency, severity and the effect the claimant's alleged headaches have on her overall functioning and in fact, the most recent medical evidence shows that the claimant's headaches are stable and they have lessened in severity. The claimant's activities of daily living are self-restricted, as no treating source has advised the claimant to stay home all day, lie down during the day, or to restrict activities of daily living in any manner. Nor has the claimant been advised to refrain from performing all gainful work activity.

R. 749.

Claimant argues that the ALJ did not cite evidence supporting his conclusions that Claimant volunteered at her children's school and attended church, and "that engaging in activities of daily living of short duration . . . standing alone are not a sufficient basis to find a claimant's subjective statements not credible." Doc. No. 24 at 23. There is evidence supporting these findings in the record, however. In Claimant's Function Report, dated May 8, 2011, it was reported that Claimant goes to "church most Sundays." R. 374, 377. In the progress note from Central Florida Heart Associates, PA, dated February 2, 2016, it states that Claimant "continues to volunteer at her child's school . . . ." R. 1100. Thus, there is substantial evidence supporting the ALJ discrediting Claimant's allegations regarding her headaches because of the inconsistencies between her hearing testimony regarding her daily activities and the evidence that she volunteered at her children's school and attended church once a week.

More problematic is the ALJ's assertion that "[t]he medical evidence does not support the frequency, severity and the effect the claimant's alleged headaches have on her overall functioning and in fact, the most recent medical evidence shows that the claimant's headaches are stable and they have lessened in severity." R. 749. Although the ALJ extensively recounts Claimant's medical history in his decision and provides record citations supporting same prior to explaining the credibility determination, R. 736-47, he does not articulate how all or any of this

medical evidence fails to support Claimant's claims regarding the frequency, severity, and the effect of her headaches or provide any record citations to support such a finding. R. 748-49. He also does not specify "the most recent medical evidence show[ing] that the claimant's headaches are stable and they have lessened in severity." R. 749.

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62; *see also* Social Security Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). In *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1380 (N.D. Ga. 2006), the ALJ discounted the claimant's credibility, but did not explain the conflict between the claimant's testimony and the medical evidence. For the court to evaluate whether the ALJ's credibility determination was supported by substantial evidence:

> [T]he ALJ must, at least, provide a record that indicates what the conflict is and how that conflict affected his credibility determination. Simply stating that the subjective complaints of pain "suggest a greater severity of impairment than can be shown by the objective medical evidence" does not adequately apprise the Court, or the Claimant, of the weight with which the ALJ viewed Claimant's testimony or, more importantly, why such a determination was made.

*Id.*

In a case such as this one with an extensive record, it is imperative that the ALJ specify the medical evidence that does not support Claimant's allegations. The ALJ's summary of Claimant's medical history alone is approximately ten pages, R. 736-47, and the record itself is more than 1,000 pages, Doc. No. 16-1. Despite the ALJ's detailed medical history summary and the size of the record, the ALJ neither provided record citations nor descriptions of the evidence upon which he based his determination that Claimant's allegations regarding her headaches were

unsupported by the medical evidence. Without knowing what evidence the ALJ relied on, the Court cannot determine whether the credibility determination is supported by substantial evidence.

In reviewing Claimant's challenge to the ALJ's credibility finding, the following statement by the ALJ was reviewed: "[T]he most recent medical evidence shows that the claimant's headaches are stable and they have lessened in severity . . . ." R. 749. To attempt to determine what the ALJ meant by "the most recent medical evidence," the ALJ's summary of the medical evidence in his decision was analyzed. In this summary, the ALJ states that May 17, 2016, was when Claimant was last seen at Florida Neurology. R. 746. The ALJ cites to Exhibit 38F to support this paragraph, but a review of Exhibit 38F shows that Claimant was seen by Florida Neurology on September 8, 2016, R. 1057, which was approximately one month before the hearing, R. 760. Thus, the ALJ misstated a fact in his decision.

It cannot be said that this misstatement is harmless error. The September 8, 2016 progress note states that Claimant's "[h]eadaches are unchanged, they remain daily[,] but only bad 3 times a week." R. 1057. It also states that Claimant has persistent headaches, probably migraine variants, and "migraine with intractable migraine[,]" and that the Topamax and Fioricet medications Claimant was currently taking were "not much help." R. 1061. This progress note is not substantial evidence supporting the finding that "the most recent medical evidence shows that the claimant's headaches are stable and they have lessened in severity." R. 749.

In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's misstatement of fact is harmless error if it does not affect the ALJ's conclusion. Here, however, the ALJ appeared to believe that the May 17, 2016 visit was Claimant's last visit to Florida Neurology and relied on the progress note from that visit to find Claimant's statements

regarding her headaches not credible. R. 746, 749. Because the ALJ deemed the May 17, 2016 visit to Florida Neurology as Claimant's last, it is likely that the ALJ did not review the progress note from the September 8, 2016 visit. The Court cannot presuppose how the ALJ would have weighed the statements in the September 8, 2016 progress note, including those that indicated that Claimant's headaches were not lessening in severity. *See generally Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (court could not evaluate whether ALJ's error was harmless when ALJ did not consider required factors). It cannot be presumed that the ALJ's error was harmless; therefore, it is recommended that the Court reverse.[1]

### B. Weighing Medical Opinions

Claimant argues that the ALJ erred in failing to set forth the weight given to the medical opinions of Seminole Behavioral, Dr. Daniel, Dr. Ballentine, Dr. Gonzales-Portillo, Dr. Shekhadia, and Central Florida Heart Associates. Doc. No. 24 at 35. Claimant neither states the content of these medical opinions nor provides citations to the over 1,000-page record where the alleged opinions may be found. *Id.* at 35-37. Claimant also fails to explain how these alleged medical opinions contradict the residual functional capacity the ALJ assigned Claimant. *Id.*

By perfunctorily making this argument, Claimant waived it. *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Lawson*

---

[1] Claimant also contests the ALJ's finding that the majority of Claimant's blood pressure "readings taken by medical providers have been within normal limits . . . ." R. 749. The ALJ does not cite to any evidence supporting this conclusion. Claimant, however, points to seven blood pressure readings in the record. Doc. No. 24 at 22-23. The Commissioner counters with citations to fourteen "relatively normal blood pressure exams." *Id.* at 34. The ALJ is not permitted to "play doctor" and make independent determinations of what constitutes a "normal" blood pressure reading. *See Carlisle v. Barnhart*, 392 F. Supp. 2d 1287, 1294 (N.D. Ala. 2005) ("An ALJ is not allowed to make medical findings or indulge in unfounded hunches about the claimant's medical condition."); *Hernandez v. Barnhart*, 203 F. Supp. 2d 1341, 1355 (S.D. Fla. 2002) (finding that "the ALJ may have improperly 'played the role of medical expert, interpreted the raw psychological and medical data, and drew her own conclusions as to the claimant's RFC.'" (quoting the claimant)). The ALJ erred in finding that most of Claimant's blood pressure readings were within normal limits without citing some evidence that a medical professional made that determination.

*v. Comm'r of Soc. Sec.*, No. 6:15-CV-1128-ORL-DCI, 2017 WL 784843, at *2 (M.D. Fla. Mar. 1, 2017) (rejecting argument that ALJ failed to weigh medical opinions because, *inter alia*, claimant did not cite to a medical opinion that the ALJ purportedly failed to weigh or explain how the failure undermined the ALJ's decision). The Court will not cull through a 1,000-page-plus record in an attempt to find support for Claimant's arguments. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (cited in *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.")). Accordingly, it is recommended that the Court find that Claimant waived her argument that the ALJ erred in failing to weigh various medical opinions.

### C. Remedy

Since reversal is necessary, Claimant's request that the case be remanded for an award of benefits must be addressed. Doc. No. 24 at 39. Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982). Here, the matter is being reversed because the ALJ made a material misstatement regarding the record. Neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt.

Claimant does not argue that she is entitled to an award of benefits due to suffering a substantial injustice. Although Claimant's application for benefits has now been pending for six years, and it is recommended that the Court reverse because of the ALJ's material misstatement of the record, it has not been demonstrated that Claimant suffered a substantial injustice. *Compare Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (remanding for an award of

benefits where the Commissioner did not present any evidence supporting the Commissioner's burden of showing that the claimant was "capable of engaging in some substantial gainful activity[,]" and the claimant suffered an injustice "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision . . . ."); *Williams v. Comm'r of Soc. Sec.*, No. 6:17-CV-275-ORL-37GJK, 2018 WL 733687, at *1 (M.D. Fla. Feb. 6, 2018) (reversing for an award of benefits where claimant's application was pending for eleven years, there were four ALJ decisions, three reversals of the ALJ's decisions by the district court, and the Commissioner did not meet her burden of proving other jobs exist in significant numbers in the national economy that the claimant could perform). Accordingly, it is recommended that Claimant's request to remand for an award of benefits be denied.

### III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-

1.

   **RECOMMENDED** in Orlando, Florida, on March 8, 2018.

*[signature]*

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Malinda Hamann, Acting Regional Chief Counsel
John C. Stoner, Acting Regional Deputy Chief Counsel
Brian Seinberg, Branch Chief
Timothy Stevens, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Kevin J. Detherage
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801